Foster, J. (dissenting).
For the purposes of this brief dissent I assume that the findings as to domination and control of Irca by United have substantial evidence to support them. Since there was a unanimous affirmance by the Appellate Division, a review as to the weight of such evidence is not permissible here. However the acceptance of such findings leads to the conclusion only that the 1936 contracts between United and Irca were voidable and not void per se. (Burden v. Burden, 159 N. Y. 287; Continental Ins. Co. v. New York & H. R. R. Co., 187 N. Y. 225; Everett v. Phillips, 288 N. Y. 227.) As such they were subject to disaffirmance but plaintiffs abandoned any claims for cancellation, rescission or reformation.
The judgment appealed from determines these contracts to be valid and binding except with respect to freight rates. Such a judgment can only be justified upon the tenuous theory that they are severable, because it is a familiar principle that a party cannot retain the benefits it receives under a voidable agreement and at the same time repudiate its obligations thereunder, and this principle applies equally to a situation where a fiduciary contracts with its cestui (Barr v. New York, L. E. & W. R. R. Co., 125 N. Y. 263; New York Trust Co. v. American Realty Co., 244 N. Y. 209).
The majority opinion holds that the 1936 agreements are divisible. With the conclusion I disagree. They formed in my opinion a package deal and the rates fixed were an integral part *448 of the whole deal. In the absence of rescission they cannot now be changed upon the theory of unjust enrichment without unwarranted judicial interference that has the effect of a new contract which the parties never made (Restatement, Restitution, § 107).
I would reverse and dismiss the complaint.